**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

CHRISTOPHER ALLEN LARKIN HILL,

        Petitioner,

     v.

CHRISTOPHER CARR, et al.,

        Respondents.

CIVIL ACTION NO.: 2:19-cv-42

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Christopher Hill ("Hill") filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.  Doc. 1.  The parties also filed the following Motions: (1) Respondent Christopher Carr's two Motions to Dismiss, docs. 3, 14; (2) Respondent Garnett Harrison's Motion to Strike, doc. 6, and Motion for Extension of Time, doc. 8; (3) Respondents Harrison and Fortier's Motion to Dismiss, doc. 7, and Motion for Sanctions, doc. 18; and (4) Hill's Motions to Strike or Request to file Surreply, doc. 16, Motion for Leave to Issue Subpoena Duces Tecum, doc. 17, and Motion for Sanctions, doc. 22.  For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Hill's Petition, **DENY as moot** all pending Motions, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Hill leave to appeal and a Certificate of Appealability.

### BACKGROUND

Hill filed this § 2254 Petition, asserting that he filed the Petition on behalf of his minor child, who he claims is being "illegally detained from him" by the Camden County Superior Court.  Doc. 1 at 1.  Hill expresses his concerns over Respondent Harrison's alleged pattern of

helping mothers and children leave a state, denying fathers access to their children.  Id. at 3–4.

According to Hill, Respondents Garnett and Fortier abused the discovery process during the

divorce and child custody proceedings in Camden County, Georgia, and Respondent Judge

Scarlett, the presiding judge, allowed a hearing to occur despite acknowledging the abuses.  Id. at

5.  Hill alleges the result of that hearing was that his visitation with his child was limited to "an

unreasonable amount of time and charges money said visit," money that Hill claims Respondents

Harrison and Scarlett knew he did not have.  Id. at 15.  At base, Hill complains about procedures

and adverse rulings in the divorce and child custody proceedings and alleged actions by the

lawyers representing Hill's former spouse.  As relief, Hill asks for a writ of mandamus or a

prohibition against his wife leaving Georgia with their child, that his minor child be granted a

federal guardian ad litem, a federal investigation of Camden County courts and their operations,

and for this Court to take exclusive jurisdiction over the divorce and child custody proceedings

in Camden County.  Id. at 16–17.

## DISCUSSION

I.   **Whether Hill Can Proceed in This Court With a § 2254 Petition**[1]

Rule 4 of the Rules Governing Section 2254 petitions states:

> The clerk must promptly forward the petition to a judge . . ., and the judge must
> promptly examine [the petition].  If it plainly appears from the petition and any
> attached exhibits that the petitioner is not entitled to relief in the district court, the
> judge must dismiss the petition and direct the clerk to notify the petitioner.

---

[1]    A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond."  Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted).  A magistrate judge's Report and Recommendation provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Hill

The requisite review of Hill's Petition implicates certain doctrines of law which support the dismissal of his Petition.

"[F]ederal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  Id.

This Court should abstain from addressing the relative merits of Hill's Petition under the Younger abstention rule.  Younger v. Harris, 401 U.S. 37 (1971); 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003) ("Although Younger concerned state criminal proceedings, its principles are 'fully applicable to noncriminal judicial proceedings when important state interests are involved.'").  The Younger abstention doctrine reflects "a strong federal policy against federal[] court interference with pending state judicial proceedings absent extraordinary circumstances."  Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982).  "This 'settled law,' intended to preserve the independence of our concurrent judicial systems, requires 'sensitive consideration of ongoing proceedings in state courts' and 'that a

---

that his suit is due to be dismissed.  As indicated below, Hill will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).  Additionally, the Eleventh Circuit Court of Appeals affirmed a district court's sua sponte dismissal under Rule 4 in Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649 (11th Cir. 2020).  The court reiterated Rule 4's requirement for dismissal and noted this requirement encompasses both "a procedural bar and a merits-based deficiency" as grounds for sua sponte dismissal. Id. at 654.  While Hill purports to bring this Petition on behalf of his minor child, many of Hill's contentions and requests for relief counter against that contention.

federal court "tread lightly" when a state proceeding is already underway.'" Stephens v. Sluss,

No. CV407-089, 2007 WL 2106225, at *2–3 (S.D. Ga. Aug. 15, 2007) (quoting The News-

Journal Corp. v. Foxman, 939 F.2d 1499, 1508 (11th Cir. 1991)); see Adams v. Florida, 185 F.

App'x 816, 817 (11th Cir. 2006) (affirming the dismissal of a 42 U.S.C. § 1983 complaint

seeking to enjoin a civil contempt finding in child support enforcement case under the Younger

doctrine).

Where "vital state interests" are involved, a federal court should abstain from hearing a

case "unless state law clearly bars the interposition of the constitutional claim." Middlesex Cty.,

457 U.S. at 432 (quoting Moore v. Sims, 442 U.S. 415, 426 (1979)).  To determine whether

Younger requires abstention in a given case, a federal court must ask three questions: "first, do

the proceedings constitute an ongoing state judicial proceeding; second, do the proceedings

implicate important state interests; and third, is there an adequate opportunity in the state

proceedings to raise constitutional challenges."  31 Foster Children, 329 F.3d at 1274 (quoting

Middlesex Cty., 457 U.S. at 432).  If the answer to all three questions is "yes," then a federal

court must abstain from hearing a case in order to avoid interfering with the ongoing state-court

proceedings.[2]

---

[2]     Even if the Camden County court had entered a judgment and the state action were not still
pending, the Court could not entertain Hill's Petition seeking review of such a judgment .  Pursuant to the
Rooker-Feldman doctrine, the Court would lack jurisdiction over claims which essentially seek review of
a state-court judgment.  "The Rooker-Feldman doctrine derives from Rooker v. Fidelity Trust Company,
263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and
provides that, as a general matter, federal district courts lack jurisdiction to review a final state court
decision."  McCorvey v. Weaver, 620 F. App'x 881, 882 (11th Cir. 2015).  Moreover, under the Rooker-
Feldman doctrine, a federal court may not "decide federal issues that are raised in state proceedings and
'inextricably intertwined' with the state court's judgment."  Datz v. Kilgore, 51 F.3d 252, 253 (11th Cir.
1995) (quoting Staley v. Ledbetter, 837 F.2d 1016, 1018 (11th Cir. 1988)).  "Rooker-Feldman applies
because, among the federal courts, Congress authorized only the Supreme Court to reverse or modify a
state court decision."  Helton v. Ramsay, 566 F. App'x 876, 877 (11th Cir. 2014) (citing Exxon Mobil
Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  Put succinctly, this Court is not an appeals
court to which a losing or disgruntled state court party can appeal an unfavorable decision.  This Court
and other federal courts frequently find that the Rooker-Feldman doctrine prevents federal courts from

"The federal judiciary has traditionally abstained from deciding cases concerning domestic relations.  As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification."  Ingram v. Hayes, 866 F.2d 368, 369 (11th Cir. 1988) (citations omitted) (holding that, although diversity of citizenship existed, the district court properly abstained from exercising jurisdiction in domestic relations case).  "However, the domestic relations exception does not justify abstention in all diversity cases involving intra-family disputes."  Moussignac v. Ga. Dep't of Human Res., 139 F. App'x 161, 162 (11th Cir. 2005).  Federal courts should not abstain when the following policies favoring federal abstention are absent: "the strong state interest in domestic relations matters, the competency of state courts in settling family disputes, the possibility of incompatible federal and state decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts."  Id. (citing Kirby v Mellenger, 830 F.2d 176, 178 (11th Cir. 1987), and Crouch v. Crouch, 566 F.2d 486, 487 (5th Cir. 1978)).  "Consequently, federal

---

hearing claims based on a state court's custody determination or parental rights termination.  See, e.g., Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1334 (11th Cir. 2001) (finding that the Rooker-Feldman doctrine barred jurisdiction over the plaintiffs' due process claims against state officials because the success of those claims would require finding that the state court wrongly decided to terminate the plaintiffs' parental rights and wrongly denied their petition for return of custody); Taylor v. Randolph, 594 F. App'x 578 (11th Cir. 2014) (Rooker-Feldman doctrine barred mother's claims against state court judges and employees of sheriff's office and child protection agency, alleging that defendants' decisions in child-custody proceedings and child well-being matters violated her and her child's fundamental rights); Plunkett v. Rountree, No. CV214-015, 2015 WL 1505970, at *12 (S.D. Ga. Mar. 31, 2015) (dismissing claims based on juvenile court's removal of plaintiff's children, the litigation in juvenile court, or the treatment of her children in foster care); Daw v. Cowan, No. 3:11CV96, 2013 WL 5838683, at *5 (N.D. Fla. Oct. 30, 2013) ("[T]o the extent Plaintiff seeks review of any final judgments issued by the state court, including those that terminated her parental rights, this court lacks jurisdiction over the matter.").  The Eleventh Circuit has "also determined those officers and other government personnel acting pursuant to, or in concert with, child-custody or child well-being proceedings fall within the Rooker-Feldman doctrine because their acts are inextricably intertwined with state court judgments." Taylor, 594 F. App'x at 580 (citing Goodman, 259 F.3d at 1334.)

courts should dismiss the action only if hearing the claim would mandate inquiry into the marital or parent-child relationship." Ingram, 866 F.2d at 370 (citing Jagiella v. Jagiella, 647 F.2d 561, 565 (5th Cir. 1981)).

Hill is seeking review of (or interference in) child custody proceedings in the State of Georgia Superior Court.  The Camden County Superior Court proceedings constitute an ongoing state judicial proceeding that implicate important state interests.  Hill will have an adequate opportunity in the state proceedings to raise constitutional challenges in those proceedings.  Accordingly, this Court should abstain from hearing Hill's § 2254 Petition and should **DISMISS** the Petition on this basis.[3]

## II.  Whether Hill Can Bring a § 2254 Petition on Behalf of His Minor Child

To the extent Hill's Petition and other filings can be read to assert a cause of action on behalf of his minor child, Hill still is not entitled to his requested relief.  Generally, "[a] parent has standing to bring a habeas corpus action on behalf of [his] minor children."  Jenicek ex rel. J.J. v. Sorenson Ranch Sch., No. CIV. 14-4422, 2014 WL 7332039, at *2 (D.N.J. Dec. 16, 2014) (quoting Lehman v. Lycoming Cty. Children's Servs. Agency, 648 F.2d 135, 138 n.3 (3d Cir. 1981) (plurality opinion), aff'd, 458 U.S. 502 (1982)).  Under § 2254, a "person in custody pursuant to a judgment of a State court" may seek a writ of habeas corpus from a federal district court "on the ground that he is in custody in violation of the Constitution or laws or treaties of

---

[3]    Hill asks this Court to issue writs of prohibition or mandamus.  However, the Court cannot do this.  "Federal courts do not have the jurisdiction to issue writs of mandamus directing state officials in the performance of their duties."  Lawrence v. Miami-Dade Cty. State Attorney Office, 272 F. App'x 781 (11th Cir. 2008) ("Because the only relief Lawrence sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition.");  Moye v. Clerk, DeKalb Cty. Super. Ct., 474 F.2d 1275, 1276 (5th Cir. 1973).  Therefore, federal district courts have repeatedly held that they lack jurisdiction to issue a writ of mandamus as to state officials.  See, e.g., Church of Scientology of Ga., Inc. v. City of Sandy Springs, 843 F. Supp. 2d 1328, 1380 (N.D. Ga. 2012) ("Federal district courts do not have the authority to issue writs of mandamus to direct state officials in the performance of their duties.").

the United States."  § 2254(a).  To be "in custody" within the meaning of § 2254, the Supreme

Court has historically required that a petitioner suffer "substantial restraints" on his liberty "as a

result of a state-court criminal conviction."  <u>Lehman v. Lycoming Cty. Children's Servs.</u>

<u>Agency</u>, 458 U.S. 502, 510 (1982).  The typical habeas corpus petitioner is a prisoner who

wishes to challenge his conviction.  <u>See id.</u> at 508.  In a handful of cases, the Supreme Court has

extended the remedy to petitioners who were not "actually in the physical custody of the State."

<u>Id.</u>  However, the petitioners in each of these cases, like prisoners, "suffered substantial restraints

not shared by the public generally."  <u>Id.</u> at 510.  "Consistent with its view that § 2254 requires a

deprivation of liberty, the . . . Supreme Court has never held that habeas corpus may be invoked

to challenge state-court decisions regarding parental rights or child custody."  <u>Janicek</u>, 2014 WL

7332039 at *3 (citing <u>Lehman</u>, 458 U.S. at 510–11) (explaining that a child who is seized

pursuant to a state court order and placed in a foster home is "not in the 'custody' of the State in

the sense in which that term has been used by this Court in determining the availability of the

writ of habeas corpus").  "Such children, though separated from their parents, 'are not prisoners,'

and 'suffer no unusual restraints not imposed on other children.'"  <u>Id.</u> (internal citation omitted).

"Thus, the Supreme Court has instructed, extending [habeas corpus] to challenges to state child

custody decisions—challenges based on alleged constitutional defects collateral to the actual

custody decision—would be an unprecedented expansion of the jurisdiction of the lower federal

courts."  <u>Id.</u> (internal citation and punctuation omitted) (alteration in original).  According to the

Supreme Court in <u>Lehman</u>:

> The considerations in a child-custody case are quite different from those present
> in any prior case in which this Court has sustained federal-court jurisdiction
> under § 2254.  The federal writ of habeas corpus, representing as it does a
> profound interference with state judicial systems and the finality of state
> decisions, should be reserved for those instances in which the federal interest in
> individual liberty is so strong that it outweighs federalism and finality concerns.

458 U.S. at 515–16.

There is nothing in Hill's Petition or other filings suggesting that extreme circumstances exists in the ongoing state court custody proceedings which would create a basis for an exception to the broad, general rule the Supreme Court stated in Lehman. To be clear, Hill has not set forth any facts to support his conclusory allegation that his minor child has been "detained from him." Doc. 1 at 1. Accordingly, to the extent Hill seeks relief in this federal action under habeas corpus principles, the Court should **DISMISS** Hill's Petition for this reason, as well. See Holm v. Strange, No. 116CV02036, 2016 WL 7407099, at *2–3 (N.D. Ala. Dec. 22, 2016).

### III.   Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Hill leave to appeal *in forma pauperis* and deny him a Certificate of Appealability. Though Hill has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v.

8

Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not

brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka,

314 F.3d 528, 531 (11th Cir. 2002); Brown v. United States, Nos. 407CV085, 403CR001, 2009

WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

      Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order

in a habeas proceeding unless a Certificate of Appealability is issued.  A Certificate of

Appealability may issue only if the applicant makes a substantial showing of a denial of a

constitutional right.  The decision to issue a Certificate of Appealability requires "an overview of

the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell,

537 U.S. 322, 336 (2003).  In order to obtain a Certificate of Appealability, a petitioner must

show "that jurists of reason could disagree with the district court's resolution of his constitutional

claims or that jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further."  Id.  "Where a plain procedural bar is present and the district court is correct

to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district

court erred in dismissing the petition or that the petitioner should be allowed to proceed further."

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196,

1199 (11th Cir. 2000).  "This threshold inquiry does not require full consideration of the factual

or legal bases adduced in support of the claims."  Miller-El, 537 U.S. at 336.

      Based on the above analysis of Hill's filings and applying the Certificate of Appealability

standards set forth above, there are no discernable issues worthy of a certificate of appeal;

therefore, the Court should **DENY** the issuance of a Certificate of Appealability.  Furthermore,

as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good

faith.  Thus, the Court should likewise **DENY** Hill *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **DISMISS** Hill's Petition, **DENY as moot** all pending Motions, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case, and **DENY** Hill leave to appeal and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of April, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA