# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| CHRISTOPHER ALLEN LARKIN HILL, | * | |
| Petitioner, | * | CIVIL ACTION NO.: 2:19-cv-42 |
| v. | * | |
| CHRISTOPHER CARR, et al., | * | |
| Respondents. | * | |

## ORDER

After an independent and de novo review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation. Dkt. No. 26. Petitioner Christopher Hill ("Hill") and Respondents Fortier and Harrison filed Objections to the Report and Recommendation. Dkt. Nos. 27, 28.

Hill submitted a 28 U.S.C. § 2254 Petition asserting that he filed his Petition on behalf of his minor child. Dkt. No. 1. The Magistrate Judge recommended this Court decline to address the relative merits of Hill's Petition under the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971), as this Court should not interfere with ongoing domestic relations proceedings in a state court. Dkt. No. 26. In the alternative, the Magistrate Judge noted this Court should decline to entertain

the relative merits of Hill's Petition if the domestic relations proceedings were resolved. Id. at pp. 4-5 n.2 (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and Dist. of Columbia Ct. of App. v. Feldman, 460 U.S. 462 (1983)).

In his Objections, Hill contends the Rooker-Feldman doctrine cannot be applied to habeas corpus petitions. Dkt. No. 27, pp. 2-4. In addition, Hill moves for leave to amend his Petition. Id. at pp. 4-5.

Contrary to Hill's arguments, Younger abstention and the Rooker-Feldman doctrine apply in a habeas corpus action as reasons to decline to exercise jurisdiction in domestic relations proceedings. See, e.g., Thomas on behalf of Thomas v. DiSanto, Case No. 5:17cv7, 2017 WL 2728205 (S.D. Ga. June 23, 2017), adopted by 2017 WL 3084101 (S.D. Ga. July 19, 2017). The Eleventh Circuit Court of Appeals has approved of application of these doctrines in the habeas context. Thomas v. DiSanto, 762 F. App'x 770 (11th Cir. 2019). Hill's Objections to the contrary are without merit.

In addition, the Court **DENIES** Hill's Motion to Amend. Hill asks for leave to amend his Petition, but fails to describe what amendment he would propose to cure the defects the Magistrate Judge identified in his Report and Recommendation. Rule 15 provides a "court should freely give leave when justice so requires." Id. Furthermore, under Rule 15(a), "there must be a

2

substantial reason to deny a motion to amend." Laurie v. Ala. Ct. of Crim. App., 256 F.3d 1266, 1269, 1274 (11th Cir. 2001). Substantial reasons justifying a court's denial of a request for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Maynard v. Bd. of Regents, 342 F.3d 1281, 1287 (11th Cir. 2003); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, an amendment would be futile, as Hill cannot remedy this Court's lack of jurisdiction over his § 2254 Petition through an amendment.

Respondents Harrison and Fortier agree with the Magistrate Judge's recommendation to dismiss Hill's Petition but object to the recommendation to deny as moot their Motions to strike Hill's filings and to declare him a vexatious litigant. Dkt. No. 28, p. 1. The Magistrate Judge did not err in recommending Respondents' Motions be denied as moot, as he recommended the Court dismiss Hill's Petition entirely. Additionally, although the state court declared Hill a vexatious litigant, his actions in this Court have not yet risen to that level here, and, based on the current record, this Court would deny Respondents'

AO 72A
(Rev. 8/82)

requested relief if it were to entertain the relative merits of Respondents' Motions.

The Court **OVERRULES** Hill's Objections, **DENIES** his Motion to Amend, **OVERRULES** Respondents' Objections, and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court.  Thus, the Court **DISMISSES** Hill's § 2254 Petition, **DENIES as moot** all other pending Motions, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Hill leave to appeal *in forma pauperis* and a Certificate of Appealability.

SO ORDERED, this 15 day of June, 2020.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA